UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN SANCHEZ-RIVERA,<br><br>                         Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                         Defendant. | Case No.: 22-cv-1254-BAS-BGS<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>[ECF 5] |

Plaintiff's Complaint alleges he is a detainee in the custody of Immigration Customs Enforcement ("ICE") at the Imperial Regional Detention Facility ("IRDF"). (Compl. [ECF 1] ¶¶ 1, 10.) He asserts a claim under the Federal Tort Claims Act against the United States. (Compl. ¶ 5.) Plaintiff has filed a Motion for Appointment of Counsel. (ECF 5.)

**I.     BACKGROUND**

Plaintiff's Complaint alleges that following a hunger strike in protest of conditions related to COVID-19, the IRDF was placed into an emergency lockdown. (Compl. ¶ 32.) Plaintiff was physically removed from his cell, placed in restraints, and then put into "solitary confinement . . . under fabricated charges of threats against staff and inciting

others to riot." (Compl. ¶ 33; *see also* ECF 3 at 5[1] (Screening Order summarizing allegations of the Complaint).) He goes on to allege that despite a hearing and an Institution Disciplinary Panel ("IDP") report concluding the "[e]vidence [was] not enough to support [the] charges against Plaintiff," facility administrator Marrero overruled the IDP and imposed a 30-day "disciplinary detention." (Compl. ¶ 45-46; *see also* ECF 3 at 5-6.)

Plaintiff alleges that he pursued a grievance, but it was denied. (Compl. ¶ 47; *see also* ECF 3 at 6.) He additionally alleges the grievance denial "added untruthful uncorroborated details" that were not in the record. (Compl. ¶ 47; *see also* ECF 3 at 6.) Plaintiff alleges this unjustified segregated confinement constituted assault, false imprisonment, and intentional infliction of emotional pain for which he is entitled to compensatory damages. (Compl. ¶¶ 53-54; *see also* ECF 3 at 5-6.) Plaintiff attempted to pursue a grievance with ICE, but he alleges ICE "refused to investigate, review, and adjudicate the grievance." (Compl. ¶¶ 49-51.)

Plaintiff's Complaint survived the "'low threshold' for *sua sponte* screening" on September 6, 2022. (ECF 3.) In the same Order, the assigned district judge ordered issuance of the summons and service by the U.S. Marshal after receiving forms to be completed by Plaintiff. (ECF 3.) Defendant has not filed a response to the Complaint yet.[2]

## II. DISCUSSION

Plaintiff seeks appointment of counsel under 28 U.S.C. § 1915(e)(1). (ECF 5.) Plaintiff indicates he needs appointed counsel because he has very limited education in the law and the issues presented in this case are complex. (*Id.* at 3.) Plaintiff argues he has met the exceptional circumstances test because of his prolonged civil detention and solitary confinement. (*Id.*) He indicates that his law library access is severely limited or nonexistent when he is in administrative segregation. (*Id.*) He also explains that he has unsuccessfully

---

[1] The Court's page citations are to the CM/ECF electronic pagination unless otherwise indicated.

[2] Two USM 285 Forms were filed in the case docket on November 4, 2022.

sought legal counsel and "adequate access to mandated legal materials at the ICE detention facility." (*Id.* at 3-4.)

### A. Legal Standard

"Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "The court may appoint counsel under section [1915(e)(1)] only under 'exceptional circumstances.'" *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *see also Palmer*, 560 F.3d at 970 (citing *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Cano v Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014). "Neither of these considerations is dispositive and instead must be viewed together." *Palmer*, 560 F.3d at 760

### B. Analysis

Plaintiff has not shown exceptional circumstances warranting appointment of counsel. Plaintiff has demonstrated his ability to present both factual and legal arguments to the Court and appears to have a basic understanding of the legal process. For example, Plaintiff's FTCA claim was found to contain allegations sufficient to survive the *sua sponte* screening required by 28 U.S.C. §§1915(e)(2). (*See* ECF 3.) And, a review of the Complaint, as well as a recently filed Motion to Amend the Complaint, reflect that Plaintiff is capable of articulating the factual allegations underlying his claim and pursing relief from the Court.

It also does not appear that the legal issues involved are so complex that counsel is warranted at this stage of the proceedings. *See Wilbron v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (noting that, "[i]f all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."). In support of his

assertion this case presents very complex issues of law, Plaintiff cites a footnote in the Order screening his Complaint. (ECF 5 at 3 (citing ECF 3 n.3).) The footnote simply acknowledges that whether prison officials and staff are considered law enforcement for purposes of intentional torts under the FTCA, is not a settled issue. (ECF 3 at 7 n.2 (citations omitted).) The acknowledgment of an unsettled legal issue in a footnote does not alone make this case complex. Based on the record before the Court, including Plaintiff's filings thus far, the Court finds the legal issues in this case are not complex and Plaintiff is able to articulate his claims.

Nor is the Court persuaded that Plaintiff's ongoing detention, including periods in administrative segregation, constitute exceptional circumstances. Being in custody, even with periods of administrative segregation and its associated limited law library access and limited access to legal materials, is rather common for plaintiff's bringing civil cases. These are not the sort of difficulties that will or have precluded Plaintiff from articulating his claims or proceeding with this case. In short, these are not exceptional circumstances.

As to his likelihood of success on the merits, as noted above, Plaintiff has had some success in surviving *sua sponte* screening and being allowed to proceed on his FTCA claim. However, screening is a low threshold and when his likelihood of success is considered in conjunction with his ability to articulate his claims and the complexity of the issues involved, he has not shown exceptional circumstances justifying appointment of counsel. Accordingly, the Court **DENIES** Plaintiff's request for appointment of counsel. (ECF No. 5.)

### III. CONCLUSION

Plaintiff's Motion for Appointment of Counsel (ECF 5) is **DENIED**.

**IT IS SO ORDERED**.

Dated: November 9, 2022

Hon. Bernard G. Skomal
United States Magistrate Judge