UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN SANCHEZ-RIVERA,<br><br>                          Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                          Defendant. | Case No.: 22-cv-1254-BAS-BGS<br><br>**ORDER DENYING SECOND MOTION FOR APPOINTMENT OF COUNSEL**<br><br>[ECF 20] |

Plaintiff's Amended Complaint alleges he is a detainee in the custody of Immigration Customs Enforcement ("ICE") at the Imperial Regional Detention Facility ("IRDF") operated by Defendant Management and Training Corporation ("MTC"). (Amd. Compl. [ECF 22] ¶¶ 1, 10.) He asserts a claim under the Federal Tort Claims Act against the United States and state law claims against MTC. (Amd. Compl. ¶¶ 1, 5, 12, 25, 27-28.) Plaintiff has filed a second Motion for Appointment of Counsel. (ECF 20.) For the reasons set forth below, the Motion for Appointment of Counsel is **DENIED**.

**I.   BACKGROUND**

Plaintiff's Amended Complaint alleges that following a hunger strike in protest of conditions related to COVID-19, the IRDF was placed into an emergency lockdown. (Amd.

Compl. ¶ 13.) Plaintiff alleges he was physically removed from his cell, placed in restraints, and then put into "solitary confinement . . . under fabricated charges of threats against staff and inciting others to riot." (Amd. Compl. ¶ 14.) He goes on to allege that despite a hearing and an Institution Disciplinary Panel ("IDP") report concluding the "[e]vidence [was] not enough to support [the] charges against Plaintiff," facility administrator Marrero overruled the IDP and imposed a 30-day "disciplinary detention." (Amd. Compl. ¶ 19-20.)

Plaintiff alleges that he pursued a grievance though multiple levels of review, but the Compliance Unit refused to investigate or review his grievance. (Amd. Compl. ¶¶ 21-24.) He additionally alleges the grievance denial "added untruthful uncorroborated details" that were not in the record. (Amd. Compl. ¶ 21.) Plaintiff alleges this unjustified segregated confinement constituted assault, false imprisonment, and intentional infliction of emotional pain. (Amd. Compl. ¶¶ 25.)

Plaintiff's initial Complaint survived *sua sponte* screening permitting the initial Complaint to be served. (ECF 3). Defendant United States initially filed a Motion to Dismiss, (ECF 11), however, after reviewing Plaintiff's Opposition to it, the United States withdrew the Motion to Dismiss. (ECF 13.) Plaintiff's Motion to file an amended pleading adding Defendant MTC was also granted. (ECF 21.) Defendant United States filed an Answer to the Amended Complaint on March 7, 2023, (ECF 25) and it does not appear from the case docket that newly added Defendant MTC has been served.

## II.   DISCUSSION

Plaintiff seeks appointment of counsel under 28 U.S.C. § 1915(e)(1). (ECF 20.) As in his previous motion to appoint counsel that was denied, Plaintiff indicates he needs appointed counsel because the issues presented in this case are complex and he has been in civil detention and solitary confinement. (*Id.* at 1-2.[1]) In this second Motion to Appoint Counsel he additionally argues he needs appointed counsel because he believes the fellow

---

[1] The Court cites the pagination on Plaintiff's Motion to Appoint Counsel for cites to Plaintiff's brief unless otherwise noted.

detainee that has been assisting him will soon be released on bond and departing the facility. (*Id.* at 1.) Plaintiff also asserts that the Ninth Circuit Court of Appeals recently appointed him counsel in an immigration case because he was not able to articulate his claims pro se. (*Id.* at 1 (citing Ex. A to Motion).)

### A.  Legal Standard

"Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "The court may appoint counsel under section [1915(e)(1)] only under 'exceptional circumstances.'" *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *see also Palmer*, 560 F.3d at 970 (citing *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004)). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Cano v Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014). "Neither of these considerations is dispositive and instead must be viewed together." *Palmer*, 560 F.3d at 760

### B.  Analysis

Plaintiff has not shown exceptional circumstances warranting appointment of counsel. Plaintiff has demonstrated his ability to present both factual and legal arguments to the Court and appears to have a basic understanding of the legal process. For example, Plaintiff's FTCA claim was found to contain allegations sufficient to survive the *sua sponte* screening required by 28 U.S.C. §§1915(e)(2). (*See* ECF 3.) Defendant United States withdrew a Motion to Dismiss based in part on Plaintiff's Opposition to the Motion, (ECF 13), and Plaintiff successfully sought leave to file the Amended Complaint adding state law claims against a new defendant (ECF 21). This record reflects that Plaintiff is capable of articulating the factual allegations underlying his claim and pursing relief from the Court. The Court also notes that the Order appointing counsel for Plaintiff before the Ninth Circuit does not indicate he is being appointed counsel because he cannot articulate his

claims as Plaintiff claims. The court's Order indicates that "[t]he court has determined that appointment of pro bono counsel would benefit the court's review in this petition." (Ex. A to Motion to Appoint Counsel [ECF 20 at 7].) Additionally, as the standards above reflect, appointment of counsel depends on the specific case and the complexity of it. Appointment of counsel for purposes of an appeal as to an immigration proceeding for the benefit of the appellate court does not mean Plaintiff is entitled to appointment of counsel at the district court level in a civil proceeding brought under the FTCA with associated state law claims.

It also does not appear that the legal issues involved are so complex that counsel is warranted at this stage of the proceedings. *See Wilbron v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (noting that, "[i]f all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."). Based on the record before the Court, including Plaintiff's filings thus far, the Court finds the legal issues in this case are not complex and Plaintiff is able to articulate his claims.

Nor is the Court persuaded that Plaintiff's ongoing detention, including periods in administrative segregation, constitute exceptional circumstances. Being in custody, even with periods of administrative segregation is not uncommon for plaintiff's bringing civil cases. These are not the sort of difficulties that will or have precluded Plaintiff from articulating his claims or proceeding with this case. In short, these are not exceptional circumstances. The Court has also considered Plaintiff's argument that he will no longer be able to articulate his claims without the assistance of a fellow detainee. However, the Court does not find losing the assistance of a fellow detainee constitutes exceptional circumstances.

As to his likelihood of success on the merits, as noted above, Plaintiff has had some success in surviving *sua sponte* screening as to his FTCA claim and amending his complaint to add an additional party. However, when his likelihood of success is considered in conjunction with his ability to articulate his claims and the complexity of the issues involved, he has not shown exceptional circumstances justifying appointment of

counsel. Accordingly, the Court **DENIES** Plaintiff's request for appointment of counsel. (ECF 20.)

### III. CONCLUSION

Plaintiff's Motion for Appointment of Counsel (ECF 20) is **DENIED**.

**IT IS SO ORDERED**.

Dated: March 21, 2023

_____
Hon. Bernard G. Skomal
United States Magistrate Judge